Judge Owsley
delivered the opinion of the court.
This is a contest between adverse conflicting land claims.
The appellees, who were complainants in the court below, assert the superior equity under an entry in the name of Isaac Hite; and the appellants derive title through an entry in the name of Nicholas Meriweather.
The relative validity of these entries were presented to the consideration of this court in two cases during the last term, and that under which the appellees claim was, in each case, held to be paramount to that under which the appellants derive title.
In point of preparation, the present case is not precisely the same of either of those cases; but upon an attentive examination of the record, we are unable to discover any thing calculated to change the decisions then made. In this, as in each of those cases, the locative objects in Hite’s entry are clearly and conclusively established, but the evidence and exhibits in neither case enables us to ascertain, with sufficient certainty and precision, the land embraced by the location of Meriweather.
In the cases heretofore decided it was not, however, proven that the land was occupied by those claiming under Meriweather at the date of Hite’s entry; but in this case the appellants have shewn that those through whom they claim were actually residing upon the land at that period, and hence it is contended, that when Hite's entry was made, the land was not waste, and could not, according to the provisions of the land laws of Virginia, be appropriated by Hite in virtue of land office warrants.
The act of the Virginia legislature of 1779, establishing a land office, provides, that any person may acquire title to so much waste and unappropriated land as he or she may be disposed to purchase, &c.—and the objection to the validity of Hite’s entry is taken upon the supposition, that the residence of those, under whom the appellants claim, upon *394 the land in contest, although no appropriation, so changed it from its waste state, that under the act of ’79 it was not subject to be located by Hite.
The "vacant and unappropriated lands” subjected to location by the act of '79, is land to which no legal or equitable title had attached before the passage of that act:—A subsequent seating is not such an appropriation as to destroy the right of a warrant holder to enter the lands.
It is regular in a contest between conflicting claims, to decree the looser to convey with warranty against themselves & those claiming under them—and to direct infants (if there be any) to convey in person.
Littell for appellants, Pope for appellee.
The objection, we are of opinion, cannot, according to any rational construction of the act, be sustained.
There would have been more plausibility in the objection, had the land been actually occupied at the passage of the act; but even then, if the occupancy were without authority of law, as it would be an intrusion on the lands of commonwealth, it might be fairly questioned whether, in legal contemplation, the waste character of the land would be thereby changed.
But, in the present case, it is not pretended, that the land in contest was occupied by any one at the passage of the act; and from the provisions of the law it was obviously intended by the legislature to expose to sale all waste and unappropriated lands, which were held by the commonwealth of Virginia at the passage of the act.
The land in question, therefore, being of that denomination, it was competent for Hite, in virtue of warrants purchased by him, to locate it with the surveyor, and having done so, and regularly obtained a grant, it was proper in the court below to decree the appellees to surrender their title derived under an invalid entry.
But upon the supposition of Hite having shewn himself entitled to the land, it is contended that the court erred, as well to decreeing the infant defendants to convey in proper person, as in ordering the conveyance to be made with warranty. As the equity of Hite is deduced under an adverse entry, there is no doubt it would have been irregular to direct the appellants to convey with general warranty; but having shewn the entry under which he claims to be paramount to that of the appellants’, in decreeing a surrender of their title, it was not irregular to direct, as was done in this case, the conveyance to be made with warranty against them and those claiming under them, as was decided by this court in the case of Logan against M’Nitt, spring term, 1811.
And with respect to ordering the infants to convey in proper person, we are still satisfied, as was held in the case of Hite and Meriweather’s heirs at the last term of this court, that the decree is correct.
The decree must be affirmed with cost.